IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LYLE MARK COULTAS,**

Plaintiff,

v.

**CAROLL J. TICHENOR**, individually
and in his official capacity as a Yamhill
County Prosecutor; **YAHMILL COUNTY
DISTRICT ATTORNEY'S OFFICE**;
**STEVEN PAYNE**, individually and in his
official capacity as an Oregon State Police
Crime Laboratory Detective; and **OREGON
STATE POLICE**,

Defendants.

No. 3:18-cv-00596-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on pro se Plaintiff Lyle Mark Coultas's Motion for Reconsideration [8]. I previously dismissed Mr. Coultas's Complaint on the basis of claim preclusion [4] and entered a judgment in this case. Because claim preclusion applied, I held that Mr. Coultas had failed to state a claim upon which relief may be granted. *See Robinson v. Nev. Sys. of Higher Educ.*, 692 F. App'x 377, 378 (9th Cir. 2017) (unpublished) (citing *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007)). For the reasons stated below, I DENY Mr. Coultas's Motion for Reconsideration.

As detailed in my Order to Dismiss [4], and as Mr. Coultas recognizes, *see* Complaint [1] at 8, Mr. Coultas has filed this lawsuit before. *See Coultas v. Payne, et al.*, No. 11–cv–45–AC,

1 – OPINION AND ORDER

2015 WL 5920645 (D. Or. Oct. 9, 2015); *Coultas v. Payne*, No. 3:12-CV-1132-AC, 2013 WL 5524139, at *2 (D. Or. Sept. 4, 2013), *report and recommendation adopted*, No. 3:12-CV-1132-AC, 2013 WL 5522668 (D. Or. Sept. 30, 2013).

In his motion for reconsideration, Mr. Coultas makes several arguments. First, he argues that his first federal case was "dismissed because of the misapplication of *Heck* doctrine" and that "Judge Acosta refused to obey the Ninth Circuit ORDER." Mot. for Reconsideration [4] at 1.

These arguments do not take into account the subsequent history of that case. It is true, as Mr. Coultas says, that the Ninth Circuit vacated the initial dismissal. The Ninth Circuit remanded the case for the court to consider whether an intervening decision, *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), affected whether Mr. Coultas's claims against Mr. Payne and Mr. Tichenor were *Heck*-barred. *Coultas v. Payne*, 586 F. App'x, 429, 430 (9th Cir. 2014). On remand, the court determined *Heck* did not bar those claims, *Coultas v. Payne, et al.*, No. 11–cv–45–AC, 2015 WL 5920645 (D. Or. Oct. 9, 2015), but then granted Mr. Payne and Mr. Tichenor's motion to dismiss those claims on grounds of failure to state a claim and the statute of limitations. *Coultas v. Payne, et al.*, No. 11–cv–45–AC, 2016 WL 740421 (D. Or. Feb. 24. 2016); *see also Coultas v. Payne, et al.*, No. 11–cv–45–AC, 2016 WL 2770805 (D. Or. May 12, 2016) (denying Mr. Coultas's motion for reconsideration). The Ninth Circuit affirmed. *Coultas v. Payne*, 699 F. App'x 749 (9th Cir. 2017) (unpublished). Thus, Judge Acosta did not base the second dismissal on application of the *Heck* doctrine, and he did obey the Ninth Circuit's order.

Mr. Coultas also argues that claim preclusion (also called res judicata) does not apply "[u]ntil Plaintiff has an opportunity to present his case and have his case heard and decided on the merits." Mot. for Reconsideration [4] at 2. Mr. Coultas is correct that claim preclusion

requires a final judgment on the merits. *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (citation omitted). But dismissal for failure to state a claim and on grounds of the statute of limitations counts as a final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). As the Supreme Court has explained, "[i]t is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation." *Angel v. Bullington*, 330 U.S. 183, 190 (1947). So, claim preclusion applies even though Judge Acosta did not reach the underlying facts of Mr. Coultas's claims.

Mr. Coultas further asserts that dismissal for failure to state a claim is improper because he has stated "facts with undisputed evidence." To be clear, Mr. Coultas failed to state a claim because his claims are barred by claim preclusion—not because he failed to properly allege facts and not because the evidence is insufficient in some way. Said differently, I dismissed Mr. Coultas's claims because he has brought this same lawsuit before, and the law (that is, the doctrine of claim preclusion) does not allow litigants to relitigate claims that were previously decided in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

For those reasons, I DENY Mr. Coultas's Motion for Reconsideration [4].

IT IS SO ORDERED.

DATED this 15th day of May, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge

3 – OPINION AND ORDER